UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **Simon Fuhrmann** § | |
| **and Hunter Zmolik** § | |
| **Plaintiffs** § | |
| § | Civil Action No. _____ |
| v. § | |
| § | JURY DEMANDED |
| **Nature Tech Inc. dba** § | |
| **Four Seasons Nursery and** | |
| **Michael Nack, Individually** | |
| **Defendants.** | |

## ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiffs Simon Fuhrmann and Hunter Zmolik, collectively referred to as "Plaintiff's", by and through their undersigned attorney of record, and sues Nature Tech Inc. dba Four Seasons Nursery and Michael Nack, Individually, (hereinafter referred to collectively as "Defendants"), and in support thereof would show unto this Honorable Court as follows:

### I.   INTRODUCTION

1.1. This lawsuit seeks to recover unpaid overtime compensation and other relief under the Fair Labor Standards Act, ("FLSA"), as amended, 29 U.S.C. § 201, et seq. and 29 U.S.C. § 216(b).

1.2. During the three years prior to the filing of this Complaint, Defendant willfully committed violations of the FLSA by failing to pay Plaintiffs for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

### II.   PARTIES

2.1. Plaintiffs Simon Fuhrmann and Hunter Zmolik, are individuals residing in Denton County, Texas.

2.2.     Defendant Nature Tech Inc. dba Four Seasons Nursery and Defendant Michael Nack, Individually, are operating as a business in the State of Texas and maintains its principal office in Denton, Denton County, Texas.  Michael Nack is the President and Director for Nature Tech Inc. dba Four Seasons Nursery.  Defendants may be served with process by serving Michael Nack, Nature Tech Inc., dba Four Seasons Nursery at 3333 E. University Dr., Denton, Texas 76208, or wherever else he may be found.

### III.     JURISDICTION AND VENUE

3.1.     This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

3.2     This Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

3.3     Venue is proper in this district under 28 U.S.C. § 1391 because Defendant is headquartered and does business in in this district.

### IV.     FLSA COVERAGE

4.1.     At all times pertinent to this Complaint, Defendants have each acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff.

4.2.     At all times hereinafter mentioned, Defendants have each been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

4.3.     At all times hereinafter mentioned, Defendants have each been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.4.     At all times hereinafter mentioned, Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

4.5. At all times hereinafter mentioned, Plaintiffs are individual employees who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

4.6 Upon information and belief, Plaintiffs allege that Defendants failed to maintain recordkeeping requirements as required under the FLSA, 29 CFR Part 516.2.

## V.   FACTUAL ALLEGATIONS

5.1 Plaintiff Fuhrmann worked for Defendants from approximately February through October of 2020.  Plaintiff Fuhrmann received a salary compensation each week from Defendants without additional pay for hours worked over forty (40).

5.2 Plaintiff Zmolik worked for Defendants from approximately February 5, 2017 through November 27, 2020.  Plaintiff Zmolik received a salary compensation each week from Defendants without additional pay for hours worked over forty (40).

5.3 Plaintiff's regularly worked in excess of forty (40) hours per workweek (overtime hours).  Plaintiff's worked numerous hours of undocumented time and overtime which Defendants did not pay Plaintiff's in accordance with the FLSA.

5.4 The primary duties of both employees are non-exempt in nature.  Neither Plaintiff's performed duties or tasks that would fall within any overtime exemption under the FLSA.  Both employees performed the following type of tasks including but not limited to:

    a.    Care for flowers, plants, and trees.

    b.    Perform maintenance tasks.

      c.      Performs ground maintenance and use of equipment.

      d.      Provide direct customer service, including interacting with customers, assist with plant selections, load plant materials, and process sales.

      e.      Perform general labor as directed.

5.5    From the time they began working for Defendants, Plaintiffs were required to and in fact regularly work more than forty (40) hours per week under the false presumption that they were "salaried" employees and not entitled to compensation for work more than forty (40) hours per week. Defendants' method of paying Plaintiffs in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA.

5.6    Defendant Michael Nack is an individual who is the owner, president, manager, and director of Nature Tech Inc. dba Four Seasons Nursery. As an owner, president, manager, and director of Nature Tech Inc. dba Four Seasons Nursery, Michael Nack independently exercised control over the work situation of Plaintiffs.

5.7    Defendant Nack closely supervised Plaintiffs.

5.8    Defendant Nack determined the wages to be paid to Plaintiffs

5.9    Defendant Nack determined the hours to be worked by Plaintiffs.

5.10    Defendant Nack maintained the employment records of Plaintiffs.

5.11    Defendant Nack maintained the power to discipline Plaintiffs.

5.12    Defendant Nack maintained the power to hire and fire Plaintiffs.

5.13    Defendant Nack maintained control, oversight, and direction over the operation of Defendants' employment practices, including those practices affecting Plaintiffs.

5.14    Defendants were aware that Plaintiffs regularly worked in excess of forty (40) hours per workweek.

5.15 During the tenure Plaintiff's employment with Defendants, Plaintiff worked overtime hours and Defendants failed to pay Plaintiff one and one-half times Plaintiff's regular rate of pay for each overtime hour worked (overtime compensation).

5.16 Defendants were aware, or should have been aware, that the FLSA required it to pay Plaintiff's for hours worked in excess of the 40 hours per week. No justification or excuse exists for Defendants' practice of failing to compensate Plaintiff's one and one-half times Plaintiff's regular rate of pay for each overtime hour worked.

5.17 Defendants were aware or should have been aware that Plaintiff's primary duties did not fall within any overtime exemption under the FLSA.

5.18 Defendant's unlawful conduct has been widespread, repeated, and implemented consistently throughout the employment of Plaintiff's with Defendants.

5.19 As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs. This policy and pattern or practice includes, but is not limited to:

   a. willfully failing to pay Plaintiff overtime wages for hours that they worked in excess of 40 hours per workweek;

   b. willfully misclassifying Plaintiff as exempt from the protections of the FLSA; and

   c. willfully failing to record and account for all of the time that its employees, including Plaintiffs, have worked for the benefit of Defendants.

## VI.   CAUSES OF ACTION:

### A.   VIOLATION OF FLSA 29 U.S.C. § 207 - UNPAID OVERTIME

6.1. The acts described in the preceding paragraphs violate the FLSA, which prohibits the denial of overtime compensation for hours worked in excess of forty (40) per workweek.

6.2. Defendants' conduct as described herein was willful in that they either knew or showed reckless disregard as to whether their conduct violated the FLSA.

6.3. Defendants' conduct as described herein was not based in good faith and with a reasonable belief that they complied with the FLSA.

6.4. As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid.

6.5. Plaintiff seeks and is entitled to an award of liquidated damages in an amount equal to Plaintiff's unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

6.6. Plaintiff also seeks compensation for expenses and costs of court that will be incurred in this action.  Plaintiff is also entitled to reasonable and necessary attorney's fees pursuant to 29 U.S.C. § 216(b).

## VII.   JURY TRIAL DEMAND

7.1 Plaintiff demands a jury trial on all issues so triable.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that:

(a). The Court assume jurisdiction of this cause and that Defendants be cited to appear;

(b). The Court award damages to Plaintiff as specified above;

(c). The Court award reasonable and necessary attorney's fees and costs; and

(d). The Court award Plaintiff pre- and post-judgment interest at the highest rates allowed.  Plaintiff further prays for any such other relief as the Court may find proper, whether in law or in equity.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted:

By: /s/ Hugh Coleman
_____

**Hugh Coleman**
State Bar No. 00792416
COLEMAN LAW FIRM, PC
1415 North Elm Street
Denton, TX  76201
Tel.:  (940) 735-4007
Fax:   (940) 239-9866
Email:  hugh@colemanlf.com
**ATTORNEY FOR PLAINTIFFS**